UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENWAUN MURRAY, )
 )
 ) Case No. 17-4078
 )
OFFICER LIVINGSTON, et al., )
   Defendants )

MERIT REVIEW AND CASE MANAGEMENT ORDER

     This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, says his constitutional rights were violated at the Henry Hill Correctional Center by Officer Livingston, Officer Stevenson, Lieutenant Gibbs and Nurse Jane Doe. Plaintiff says he broke his pinky finger on August 22, 2015. Plaintiff showed his "disfigured" finger to Defendant Livingston, and told the officer he was in pain. (Comp., p. 9). The officer told Plaintiff he would have to wait until the nurse made rounds. At some later point, Nurse Jane Doe came through the unit with Defendant Stevenson. Plaintiff again showed his finger to the Defendants and told them he was in "severe pain." (Comp., p. 9). The Defendants told Plaintiff there was nothing they could do for him because Officer Gibbs said it was too late to take an inmate to the Health Care Unit.

     Plaintiff says he spent the night in "excruciating pain." (Comp., p. 9). On August 23, 2015, a nurse on the medication line allowed Plaintiff to go the Health Care Unit where a

1

medical staff member wrapped Plaintiff's finger and provided pain medication. Plaintiff did not see a doctor until August 25, 2015. An x-ray was taken which revealed a fracture of his pinky finger. Plaintiff says he still experiences some pain and stiffness in his finger.

To establish an Eighth Amendment violation, Plaintiff must demonstrate he suffered from a serious medical condition and the Defendants were deliberately indifferent to that condition. *See Farmer v Brennan*, 511 U.S. 825 (1994). The Seventh Circuit has acknowledged a "serious medical need" is far from "self-defining." *Gutierrez v Peters*, 11 F3d 1364, 1370 (7th Cir. 1997). However, the Court noted it includes not only conditions that are life-threatening, but also those in which denial or delay in medical care results in needless pain and suffering. *Id.* Consequently, Plaintiff has adequately alleged Defendants Livingston, Stevenson, Gibbs and Nurse Jane Doe were deliberately indifferent to Plaintiff's serious medical condition on August 22, 2015, when they delayed medical care for his broken finger. *See Edwards v. Snyder,* 478 F.3d 827, 830–31 (7th Cir.2007) (a plaintiff who painfully dislocated his finger and was needlessly denied treatment for two days stated a deliberate-indifference claim, reversing the district court's dismissal); *Grieveson v. Anderson,* 538 F.3d 763, 778-780 (7th Cir.2008)(guards could be liable for day-and-a-half delay of treatment for painful broken nose). Since Plaintiff's finger was wrapped, and he was provided pain relievers the next day, Plaintiff has not stated a claim concerning his care after August 23, 2015.

Plaintiff has also filed a motion for appointment of counsel. [5] Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a

reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff has not demonstrated any effort to find counsel on his own such as a list of attorneys contacted and copies of any letters sent or received. Therefore, his motion is denied with leave to renew. [5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Officer Livingston, Officer Stevenson, Lieutenant Gibbs and Nurse Jane Doe violated his Eighth Amendment rights when they delayed medical care for a painful broken finger on August 22, 2015. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order,

Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5]; 2) Deny Plaintiff's motion for a status update as moot, [6]; 3) Attempt service on Defendants pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 22nd day of May, 2017.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE